**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

EDDIE JAMES JONES, JR.,

   Petitioner,

    -vs-

TIMOTHY BRUNSMAN, Warden,
 Lebanon Correctional Institution,

   Respondent.

:

:

:

Case No. 3:10-cv-334

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

**REPORT AND RECOMMENDATIONS**

   This habeas corpus case under 28 U.S.C. § 2254 is brought *pro se* by Petitioner Eddie James Jones, Jr., to seek relief from his conviction and sentence in the Montgomery County Common Pleas Court Case No. 98-CR-4020.  In that case, according to the Petition, he was convicted on one count of gross sexual imposition of a child under thirteen, four counts of felonious sexual penetration, and four counts of rape; he was then sentenced to ten years to life imprisonment[1] (Petition, Doc. No. 1, PageID 9).

   The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.  That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the judge must dismiss the petition ... ."

   The Petition shows that Petitioner was sentenced July 8, 1999 (Petition, Doc. No. 1, ¶2.b).

---

[1] The Court of Appeals opinion referenced below indicates the sentence was ten years plus life.

-1-

His conviction was affirmed on March 31, 2000.  *Id..* ¶ 9.d.  He did not take a timely direct appeal to the Ohio Supreme Court and his later motion to take a delayed appeal was denied on October 31, 2007.  *Id..* ¶ 9.g.4.  He also filed a motion to vacate his sentence in the Common Pleas Court which was denied September 11, 2007.  *Id..* ¶ 11.  He also indicates he filed a petition for post-conviction relief in the Common Pleas Court which was denied on September 11, 2007[2].  *Id..*, PageID 15.

28 U.S.C. § 2244 provides a one-year statute of limitations on habeas corpus petitions under 28 U.S.C. § 2254.  With exceptions not applicable here, the statute begins to run on the date that a conviction is final on direct appeal and its running can be tolled (interrupted) by the proper filing of a state collateral attack on the judgment.  Petitioner's conviction became final on the last day he could have timely appealed to the Ohio Supreme Court from the affirmance of his conviction by the Court of Appeals.  That date is May 15, 2000.  Since no collateral attack before May 15, 2001, the statute expired on that date.  The Petition here was not filed until August 26, 2010, more than nine years later.

Petitioner asserts, however, that his Petition is timely because he is actually innocent. Congress enacted the statute of limitations in 28 U.S.C. §2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception."  *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005)(Moore, Clay, & Haynes).  The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through

---

[2]He also pleads the denial of the petition was affirmed on September 11, 2007.  Id..  The concurrence of those two dates seems unlikely.  The Montgomery County Clerk of Courts online docket shows that Case No. CA 22425 became final when the judgment was affirmed June 20, 2008.

>  the gateway and argue the merits of his underlying claims."  *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id.. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.*. at 321.

*Id.*. at 590.

While Petitioner claims actual innocence, he does not support that claim with any new facts which were not available at the time of trial.  A mere claim of actual innocence does not satisfy the *Souter* test.

Because the one-year statute of limitations expired more than nine years ago and Petitioner has offered no new evidence that he is actually innocent, the Petition should be dismissed with prejudice.  Reasonable jurists would not disagree with this conclusion, so Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

August 26, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Jones Habeas 2244 R&R.wpd